## J. B. LAMB v. JAMES H. LEACH.

**Tax-title—How Procured.**

> In order to acquire a title by tax sale the steps required by the statute must be taken or no title will pass.

**Rent Charged When Possession is Wrongful.**

> Where one is a defendant to a suit to foreclose a purchase-money lien, buys the property at tax sale and takes possession and uses the land before he receives a tax deed therefor, while he is entitled to receive back the money and interest thereon paid by him for the taxes, he is required to account to the owner for the rent of the land during his occupancy of it.

APPEAL FROM CALDWELL CIRCUIT COURT.

September 13, 1883.

OPINION BY JUDGE HINES:

Dawson purchased a town lot in Princeton, giving his note with lien on the lot to secure its payment; subsequently Dawson sold the lot to Laffoon, taking his note and reserving a lien. Appellee became the holder of the first lien note executed by Dawson, and appellant of the lien note executed by Laffoon to Dawson. This action was instituted by appellee to enforce the payment of the lien note executed by Dawson, appellant being made a party defendant. Ap-

pellant answered claiming to hold the land under purchase at a tax sale. At the time he made the purchase he was a party to the suit brought by appellee, as well as the holder of the lien note executed by Laffoon to Dawson. The evidence shows that appellant took possession of the lot and used it as his own, after he had made the purchase at the tax sale but before he was entitled to receive and before he had received any deed from the sheriff. The court below adjudged that as against appellee appellant got no title, but that he should be allowed a lien for the amount he had paid in taxes, and that appellant should be charged with the rent he had received from the lot, as his possession was without right. It is from this judgment that appeal is taken.

We think the judgment should be affirmed for more than one reason. In the first place, appellant became the purchaser at the tax sale, pending the suit to enforce appellee's claim and to which suit appellant was a party, having full knowledge of appellee's right. As to third parties appellant stands in the same relation that Dawson would have stood if he had been the purchaser. Appellant acquired only such title as Laffoon had. None other could be conveyed by the sheriff's deed. There was no error in refusing to allow appellant more than legal interest upon his purchase. The state having been the purchaser at the tax sale and appellant having purchased the claim from the state, by paying principal and thirty per centum per annum, he occupies the same attitude towards any claimant to the land as he would if he had bought at the tax sale, that is, he was entitled to nothing but the money he had paid with legal interest and the repayment of clerk's fees. Gen. Stat. 1881, ch. 92, art. 8, § 15.

For another reason the judgment should be affirmed. The steps required by the statute to confer title by tax sale have not been had; nor is there any allegation in appellant's pleadings that there was such compliance with the statute. Without these things no title can pass. *McKee v. Walker,* 11 Ky. Opin. 111, 2 Ky. L. 320; *Helm v. Payne,* 10 Ky. Opin. 808, 1 Ky. L. 350.

Judgment *affirmed.*

*Geo. W. Duvall, for appellant.*

*F. W. Darby, for appellee.*